UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT MORA, | ) | Case No.: 2:11-cv-00899-GMN-RJJ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| COUNTRYWIDE MORTGAGE, BAC HOME LOANS, RECONTRUST COMPANY, N.A. & ROES 1 through X, inclusive, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Before the Court is Countrywide Home Loans, Inc., sued incorrectly as Countrywide Mortgage ("Countrywide"), BAC Home Loans Servicing, LP, sued incorrectly as BAC Home Loans ("BAC"), and ReconTrust Company, N.A.'s ("ReconTrust") Motion to Dismiss (ECF No. 5). Plaintiff Robert Mora filed a Response (ECF No. 9) and Defendants filed a Reply (ECF No. 11).

## FACTS AND BACKGROUND

In June 2006, Plaintiff secured a loan for the property at 5717 Carl Avenue, Las Vegas, Nevada 89108 (the "Property"). (*See* Deed of Trust ("DOT"), Ex. H attached to MTD, ECF No. 5–8.)[1] Plaintiff obtained the loan in the amount of $229,500 from Countrywide. (*See id.*) The DOT lists MERS as the beneficiary and nominee of the lender, and further lists CTC Real Estate Services as the trustee. (*Id.* at p.2.) The DOT also allows the lender to foreclose on the property if Plaintiff did not make his loan payments. (*Id.* at ¶ 5.) Further, the DOT provides:

---

[1] The Court takes judicial notice of the public records adduced by Defendants (ECF No. 5–8 through 5–13 Exs. H–M). *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successor and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

(*Id.* at p. 4.)

Plaintiff defaulted on his loan and ReconTrust recorded a Notice of Default/Election to Sell ("NOD") on August 21, 2009. (*See* NOD, Ex. I attached to MTD, ECF No. 5–9.) Also, on August 21, 2009 MERS assigned and transferred all beneficial interest in the DOT to BAC. (*See* Assignment, Ex. K attached to MTD, ECF No. 5–12.) The Assignment was recorded in Clark County on September 4, 2009. On the same day, a substitution of trustee ("SoT") was executed whereby ReconTrust was substituted as the trustee under the DOT. (*See* SoT, Ex. J attached to MTD, ECF No. 5–10.) The SoT was also recorded on September 4, 2009. On May 13, 2011, BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP for the benefit of the WMALT 2006-ARS Trust recorded a Trustee's Deed Upon Sale. (*See* Trustee's Deed Upon Sale, Ex. M attached to MTD, ECF No. 5–13.)

Plaintiff filed the instant suit on April 21, 2011 in the Eighth Judicial District Court, Clark County, Nevada. (*See* Pet. for Removal, ECF No. 1.) Defendants removed the case to this District Court. (*Id.*) Plaintiff alleges eleven causes of action: (1) fraud, (2) breach of the duty of good faith and fair dealing, (3) quiet title, (4) breach of fiduciary duty, (5) injunctive relief, (6) suitability, (7) negligence, (8) liability per se, (9) negligent misrepresentation, (10) unfair lending practices, and (11) intentional or negligent infliction of emotional distress. Defendants filed the instant motion to dismiss arguing that Plaintiff has failed to state any claims upon which relief can be granted.

/ / /

# DISCUSSION

## A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the

alleged conduct must be pled.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.     Analysis**

    **1.     Fraud**

To prove a claim for fraud or intentional misrepresentation, the plaintiff must establish three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this reliance. *Guthrie v. Argent Mort. Co., LLC*, No. 2:11-CV-1811-JCM-PAL, 2011 WL 6140660, at *2 (D.Nev. Dec. 9, 2011)(citing *Nelson v. Heer*, 163 P.3d 420,426 (Nev. 2007)). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R .Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) ("Federal Rule of Civil Procedure 9(b) ... require[s] [plaintiff] to plead her case with a high degree of meticulousness."). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007).

Plaintiff alleges that the Defendants made many misrepresentations of fact to him, including offering the loan for one price but then changing the price to another. (Compl. at 7:22–25.) In addition, he alleges the defendants promised him he would be able to refinance the loan on a short period of time and that the five-year adjustable rate mortgage was the best financial

option for him. (*Id*. at 7:25–27.)  These allegations do not include any specific facts as required by Rule 9.  For example, Plaintiff does not state who (or even which Defendant) made the allegedly false statements, when the statements were made, or any other context regarding the misrepresentations.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff will however be given leave to amend this claim.

### 2. Breach of the Implied Covenant of Good Faith and Fair Dealing

To state a claim of breach of the covenant of good faith and fair dealing, plaintiff must allege: (1) plaintiff and defendants were parties to an agreement; (2) the defendants owed a duty of good faith to the plaintiff; (3) the defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev.1995).  In Nevada, an implied covenant of good faith and fair dealing exists in every contract. *Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev.1998).

Plaintiff argues that BAC violated this covenant by misrepresenting the cost of the credit involved in his original loan. (Compl. at 9:5–7.)  In addition, he contends that "all defendants owed him a duty to deal fairly and in good faith and not seek or take advantage of his weakened position due to his lesser knowledge, skill, education, and ability regarding a real property loan transaction." (*Id*. at 9:16–19.)

"[T]he implied covenant 'exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made.'" *Guthrie*, 2011 WL 6140660, at * 3 (*citing Guz v. Bechtel Nat., Inc.*, 24 Cal.4th 317,329 (2000)).  Plaintiff received the funds to purchase the property.  There is no fiduciary duty contained in the contract for Defendants to ensure that plaintiff was suitable for the loan.  The spirit of the agreement was for Plaintiff to receive financing to purchase the real property and pay back the money borrowed.  Plaintiff has not alleged how Defendants contravened this spirit of the

contract. Accordingly, Plaintiff has failed to state a claim for breaching the implied covenant of good faith and fair dealing.

### 3. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." *Id.* (citing *Biasi v. Leavitt*, 692 P.2d 1301, 1304 (Nev. 1985). Plaintiff cannot quiet title without discharging debt owed on the Property. *See Fuleihan v. Wells Fargo*, 2010 WL 3724186 at *5 (D.Nev.2010) (a borrower cannot quiet title to a property without discharging any debt owed). Plaintiff does not claim that he is current on this mortgage or that he discharged any debt owed.

The Court also examines Plaintiff's claims to see if there was a statutorily defective foreclosure. Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." N.R.S. § 107.020(1). Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. N.R.S. § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in N.R.S. § 107.080. To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. N.R.S. § 107.080(2)(c). After at least three months have elapsed, the trustee or other person authorized to make the sale under the terms of the deed of trust shall give notice of sale in accordance with the posting requirements for residential foreclosures. N.R.S. § 107.080(4). A foreclosure sale may be declared void if the trustee or other person authorized to make the sale

did not substantially comply with the foreclosure statutes. N.R.S. § 107.080(5).

MERS assigned the beneficial interest in the DOT to BAC on August 21, 2009. The DOT lists MERS as a "nominee for the Lender and Lenders' successors and assigns." (*See* DOT.)  Courts within this jurisdiction have concluded that the boilerplate provisions in the deeds of trust such as the one at issue here "give[s] MERS the broadest possible agency on behalf of the owner of the beneficial interest in the underlying debt. Such agency would include the ability to sell the interest in the debt." *Lasao v. Stearns Lending Co.*, No. 2:10-cv-01864-KJD-LRL, 2011 WL 3273923, at *3 (D. Nev. July 29, 2011) (citing *Villa v. Silver State Fin. Servs.*, No. 2:10-cv-02024-LDG-LRL, 2011 WL 1979868, at *1 (D. Nev. May 20, 2011)). These courts have further found that the language is "clear enough ... to indicate that the parties intended MERS would be able to transfer the beneficial interest in the underlying debt directly." *Villa*, 2011 WL 1979868, at *1.  Furthermore, "it is even more clear that MERS may directly transfer the interest in the deed of trust itself ...." *Smith v. Community Lending, In*c., 773 F.Supp.2d 941, 944 (D.Nev. 2011).  Accordingly, BAC properly transferred the interest in the deed of trust on August 21, 2009.

BAC substituted ReconTrust as a new trustee under the DOT on August 21, 2009. The NOD was issued and recorded on August 21, 2009 by ReconTrust.  Since the trustee can execute and record the NOD under NRS § 107.080(2)(c) the recordation of the NOD by ReconTrust was proper and Plaintiff's allegations fail to state a claim.

   **4.    Breach of Fiduciary Duty**

Courts within this district have "repeatedly held that a lender owes no fiduciary duties to a borrower absent exceptional circumstances, such as when a special relationship exists between the two parties." *Chavez v. California Reconveyance Co.*, No. 2:10-cv-00235-RLH-LRL, 2010 WL 2545006, at *4 (citing *Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1090 (D.Nev. 2004).  Plaintiff has no alleged fact that could give rise to a

special relationship or exceptional circumstances. Thus Plaintiff cannot show a breach of fiduciary duty.

### 5. Suitability

Plaintiff alleges that Defendants breached their professional obligations to ensure that he would be given a loan that was suitable to his personal financial condition. However, Nevada law does not recognize such "suitability" claims. *See Weingartner v. Chase Home Finance*, LLC, 702 F.Supp.2d 1276, 1290 (D.Nev.2010). Further, Plaintiff has failed to establish that any of the Defendants owed him a special duty. Courts have held that lenders and loan services do not owe a duty of care beyond the traditional role of lender of money. *See Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991).

### 6. Negligence

Plaintiff's negligence claim is essentially another claim of defendants breaching their fiduciary duty. Plaintiff alleges that "Defendants … owed a duty to Plaintiff to perform their professional services in a [manner] which placed Plaintiff['s] interest[s] above Defendants . . ." (Compl. at 11:9–11.) The Court has already explained that Defendants, as lenders, do not owe a fiduciary duty to Plaintiff, as borrower. Accordingly, this claim is dismissed.

### 7. Liability Per Se

Plaintiff's cause of action of "liability per se" appears to be an attempt to plead negligence per se for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.* (TILA) or a statutory cause of action for violating TILA.

To state a claim for negligence per se, a plaintiff must allege that: (1) he or she belongs to a class of persons that a statute was intended to protect; (2) the defendant violated the relevant statute; (3) the plaintiff's injuries are the type against which the statute was intended to protect; (4) the violation was the legal cause of plaintiff's injury; and (5) plaintiff suffered damages. *See Anderson v. Baltrusaitis*, 944 P.2d 797, 799 (1997). Under N.R.S. § 11.190, the relevant statute

of limitations for negligence per se is three years. *Torrealba v. Kesmetis*, 178 P.3d 716 (Nev. 2008).

If interpreted as a statutory cause of action for violations of TILA, the suit must be brought within one-year to recover damages or three-years to rescind loan documents. 15 U.S.C. § 1640(e). The cause of action accrues when the loan documents were signed. *See Lynch v. RKS Mortgage, Inc.*, 588 F.Supp.2d 1254, 1259 (E.D.Cal.2008).

Plaintiff admits that he entered the loan agreement with Countrywide on June 27, 2006. Accordingly, more than four years have passed since any TILA violation occurred and this cause of action is time-barred.

### 8. Negligent Misrepresentation

A claim for negligent misrepresentation requires the plaintiff to plead: (1) a false representation was made; (2) the representation was made in the course of the defendant's business; (3) the representation was for the guidance of others in their business transactions; (4) the representation was justifiably relied upon; (5) the other party relied on the representation to its detriment; and (6) the defendant failed to exercise reasonable care. *See Weingartner*, 702 F.Supp.2d at 1291. The heightened pleading standards of Rule 9(b) also governs claims for negligent misrepresentation. *Glen Holly Entm't, Inc. v. Tektronix, Inc*., 100 F.Supp.2d 1086, 1093 (C.D.Cal.1999).

Instead of alleging facts regarding Defendants' alleged misrepresentation, Plaintiff's allegations again impose on Defendants a fiduciary duty to "provide accurate, truthful and complete information …" Plaintiff has also left out an essential element of a negligent misrepresentation claim--the false representations. Accordingly, this claim is dismissed.

### 9. Unfair Lending Practices

A cause of action for a violation of Nevada's Unfair Lending Practices Act, N.R.S. § 598D is subject to a three year statute of limitations. N.R.S. § 11.190(3)(a). As previously

discussed, Plaintiff entered into this loan in 2006.  Accordingly, the three year statute of limitations has passed and this claim is time-barred.

**10.     Intentional or Negligent Infliction of Emotional Distress.**

The elements of a cause of action for intentional infliction of emotional distress are: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev.1999).  Extreme and outrageous conduct is that which is "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev.1998).  Just as with IIED, in order to establish a claim for negligent infliction of emotional distress ("NIED"), "the plaintiff needs to show 'extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress.'" *Nevada v. Eighth Judicial Dist. Court ex rel. County of Clark*, 42 P.3d 233, 241 (Nev. 2002) (quoting *Shoen v. Amerco, Inc.*, 896 P.2d 469, 476 (1995)).

The pleadings do not establish "extreme and outrageous conduct" which is "outside all possible bounds of decency and is utterly intolerable in a civilized community." *Maduike*, 953 P.2d at 26.  Defendants' conduct was lawful and was not intended to cause emotional distress. *See Navarro v. BAC Home Loans, LLC*, No. 2:11-cv-1557-JCM-GWF, 2011 WL 6012547, at 3 (D.Nev. Dec. 1, 2011). Thus, Plaintiff's intentional or negligent infliction of emotional distress claims must fail.

**11.     Claims for Injunctive Relief—Temporary Restraining Order and Permanent Injunction**

A request for a temporary restraining order or a preliminary injunction is a form of relief that is granted when a plaintiff demonstrates that (1) he is likely to succeed on the merits, (2) irreparable injury is likely, (3) the balance of equities tips in his favor, and (4) that an

injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  Plaintiff has failed to demonstrate these factors and as such this claim for relief is dismissed.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Countrywide Home Loans, Inc., BAC Home Loans Servicing, LP, and ReconTrust Company, N.A.'s Motion to Dismiss (ECF No. 5) is **GRANTED in part and DENIED in part**.

Plaintiff's claims 2, 3, 4, 6, 7, 8, 9 and 10 are **DISMISSED with prejudice**.

Plaintiff is **GRANTED leave to amend claims 1, 5, and 11** and reassert his claims for relief.  Plaintiff shall file the amended complaint **by February 17, 2012**.  Failure to file an amended complaint by that date will result in dismissal of this lawsuit.

**DATED** this 26th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge